IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ARLO R. KENT, | ) | |
| | ) | CASE NO. CV-09-647-S-BLW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| CITY OF RUPERT, a political | ) | |
| subdivision of the State of Idaho, | ) | |
| RUPERT POLICE DEPT., and JEFF | ) | |
| McEWEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Remand (Docket No. 6) and

Plaintiff's Motion to Strike Amended Answer (Docket No. 9).  The Court has

determined that the decisional process on these motions would not be significantly

aided by oral argument.  Therefore, the Court will address the motions without a

hearing.

## ANALYSIS

### I.    Motion to Remand

"Removal jurisdiction is statutory and strictly construed."  *Gould v. Mutual*

**Memorandum Decision and Order – 1**

*Life Ins. Co. Of New York*, 790 F.2d 769, 773 (9th Cir. 1986).  An action filed in state court may be removed if the district court could have exercised jurisdiction over the action if originally filed there. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); 28 U.S.C. § 1441.

In this case, Plaintiff asserts at least one claim under 42 U.S.C. § 1983.  In fact, Plaintiff asserts that "claims in his Complaint are limited <u>solely</u> to claims under 42 U.S.C. § 1983 and other applicable federal civil rights laws." (Complaint, p.2, emphasis in original.)  This Court could have originally exercised jurisdiction over Plaintiff's Section 1983 claims pursuant to 28 U.S.C. § 1331.  Moreover, to the extent Plaintiff asserts state-law claims, this Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).  Accordingly, jurisdiction is proper in this Court, and the Court will deny the motion to remand.

## II.    Motion to Strike Amended Answer

Plaintiff's Motion to Strike Amended Answer is not altogether clear.  As best the Court can tell, Plaintiff seems to contend that the Court should strike Defendants' Amended Answer because it was not verified.  Federal Rules of Civil Procedure do not require a verified Answer.  Therefore, Plaintiff's motion is without merit, and the Court will deny it.

## ORDER

**Memorandum Decision and Order – 2**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Docket No. 6) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Amended Answer (Docket No. 9) shall be, and the same is hereby, DENIED.

DATED:  **February 20, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 3**