IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ARLO R. KENT, | ) | |
| | ) | CASE NO. CV-09-647-S-BLW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| CITY OF RUPERT, a political | ) | |
| subdivision of the State of Idaho, | ) | |
| RUPERT POLICE DEPT., and JEFF | ) | |
| McEWEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion For Certification of a Question of

Law (Docket No. 12).  The Court has determined that the decisional process on this

motion would not be significantly aided by oral argument.  Therefore, the Court

will address the motion without a hearing.

## ANALYSIS

Plaintiff asks the Court to certify the following two questions for

determination by the Idaho Supreme Court: (1) "Is the . . . Constitutional Article 1,

§ 8 the prevailing law that mandates jurisdiction in cases cognizable by probate

**Memorandum Decision and Order – 1**

courts or by justices of the peace;" and (2) "Can the law provided by legislative

enactments Title 1 Chapter 1 with its inclusive sections amend or nullify

constitutional 'self executing mandates.'" (Plaintiff's Brief in Support of Motion to

Certify.)

A United States District Court may certify to the Idaho Supreme Court a

question of law asking for a decree adjudicating the Idaho law on such question if

the district court finds in a pending action that:

> "(1) The question of law certified is a controlling
> question of law in the pending action in the United States
> court as to which there is no controlling precedent in the
> decisions of the Idaho Supreme Court, and
>
> (2) An immediate determination of the Idaho law with
> regard to the certified question would materially advance
> the orderly resolution of the litigation in the United States
> court."

Idaho Appellate Rule 12.3.

Here, Plaintiff's questions are not controlling questions of law in this action,

and no determination by the Idaho Supreme Court would materially advance the

orderly resolution of this matter.  To the contrary, certification of Plaintiff's

questions would disrupt the orderly resolution of this case.

As the Court already determined when it addressed Plaintiff's motion to

remand, this Court has original jurisdiction over Plaintiff's Section 1983 claims

**Memorandum Decision and Order – 2**

pursuant to 28 U.S.C. § 1331.  Moreover, to the extent Plaintiff asserts state-law claims, this Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).  Accordingly, jurisdiction is proper in this Court. For these reasons, the Court will deny Plaintiff's motion for certification.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that  Plaintiff's Motion For Certification of a Question of Law (Docket No. 12 shall be, and the same is hereby, DENIED.

DATED:  **April 20, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 3**