IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARLO R. KENT,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF RUPERT, a political subdivision of the State of Idaho, RUPERT POLICE DEPT., and JEFF McEWEN,<br><br>   Defendants. | Case No.  CV 09-647-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion For Summary Judgment (Docket No. 21).  The Court has determined that the decisional process on this motion would not be significantly aided by oral argument.  Therefore, the Court will address the motion without a hearing.

## ANALYSIS

### I.     Summary Judgment Standard of Law

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be

**Memorandum Decision & Order - 1**

isolated and prevented from going to trial with the attendant unwarranted

consumption of public and private resources."  *Id.* at 327.  "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be

no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving

party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct

testimony of the non-movant must be believed, however implausible.  *Leslie v.

Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is

not required to adopt unreasonable inferences from circumstantial evidence.

*McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

2001)(en banc).  To carry this burden, the moving party need not introduce any

affirmative evidence (such as affidavits or deposition excerpts) but may simply

point out the absence of evidence to support the nonmoving party's case.  *Fairbank

v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence

**Memorandum Decision & Order - 2**

sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving

party must go beyond the pleadings and show "by her affidavits, or by the

depositions, answers to interrogatories, or admissions on file" that a genuine issue

of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some

reason to deny a motion for summary judgment."  *Carmen v. San Francisco*

*Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac.*

*Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  Instead, the "party

opposing summary judgment must direct [the Court's] attention to specific triable

facts."  *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th

Cir. 2003).

## I.      Defendants' Motion for Summary Judgment

Defendants seek summary judgment on all of Kent's claims.  As noted by

Defendants, the only two claims specifically asserted in Kent's Complaint are his

Section 1983 claim and his negligent infliction of emotional distress claim.  As

explained below, Defendants are entitled to summary judgment on both of those

claims.

Defendants also recognize that under the liberal notice pleading

requirements, Kent's Complaint may contain some other claims.  However, the

**Memorandum Decision & Order - 3**

Court, like Defendants, has a hard time making that determination.  Still, to the extent Kent is asserting additional claims, the Court finds that Defendants are entitled to summary judgment on those claims as well.  The Court will explain in more detail below.

### A.     Section 1983 Claim

Section 1983 claims must be premised on a constitutional violation.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  To state a Section 1983 claim, a plaintiff must show that "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct violated a right secured by the Constitution and laws of the United States."  *Humphries v. County of L.A.*, 554 F.3d 1170, 1184 (9th Cir. 2009).

Kent's Complaint is not clear about what right he was allegedly deprived of, and his brief in opposition to Defendants' motion for summary judgment makes his allegations even less understandable.  As best the Court can tell, Kent's claims stem from state charges against his granddaughter regarding a shoplifting incident.  However, as pointed out by Defendants, Kent asserts claims on his own behalf, not on behalf of his granddaughter.  Essentially, Kent seems to argue that his constitutional rights were violated when his granddaughter was questioned about a shoplifting incident.  He makes general assertions that his due process and equal

**Memorandum Decision & Order - 4**

protection rights were somehow violated under these circumstances.

Defendants argue that Kent has not met the second element of a Section 1983 claim – that is, he has not asserted facts indicating that Defendants' conduct violated a right secured by the Constitution and laws of the United States. *Humphries*, 554 F.3d at 1184 (9th Cir. 2009).  Defendants point out that there is no evidence in this case that Defendants violated Kent's constitutional rights by questioning his granddaughter about a shoplifting incident.  Defendants also note that Kent cites no authority for his claim.

Under these circumstances, Defendants have met their initial burden of demonstrating the absence of a genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  As explained above, to carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

The burden therefore shifts to Kent to produce evidence sufficient to support a jury verdict in his favor.  *Id.* at 256-57.  To meet his burden, Kent must go beyond the pleadings and show "by . . . affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.

**Memorandum Decision & Order - 5**

*Celotex,* 477 U.S. at 324.  Kent has not met his burden.  Kent has not provided the Court with any information which would even suggest Defendants violated his constitutional rights.  He points to no relevant authority and no specific acts that even resemble a constitutional violation.  Accordingly, Defendants are entitled to summary judgment on Kent's Section 1983 claim.

### B.    Negligent Infliction of Emotional Distress Claim

"[I]n order to allege and prove a claim for negligent infliction of emotional distress there must be both an allegation and *proof* that a party claiming negligent infliction of emotional distress has suffered a physical injury, i.e., a physical manifestation of an injury *caused* by the negligently inflicted emotional distress." *Cook v. Skyline Corp.*, 13 P.3d 857, 865-66 (Idaho 2000) (emphasis in original; internal quotations omitted). Thus, the question here is whether Kent has asserted facts supporting his claim that Defendants' actions caused him to suffer an injury which was physically manifested in some way.

In his Complaint, Kent states that "the moral fiber and mental health of plaintiff have been damaged," that the police officers have "created compulsive obsession behavior in plaintiff," that he "has become a belligerent claimant in person demanding due process rights," and that he has "experienced severe weight loss caused by inability to sleep."  (Complaint, pp. 12-13.)  Even if these are

**Memorandum Decision & Order - 6**

physical manifestations of an injury – which, with the exception the wight loss is highly questionable – Kent provides the Court with no evidence that Defendants' actions caused them.  As explained above, there must be proof of a causal connection between any alleged negligently inflicted emotional distress and the physical manifestation complained of.  Kent has not provided the Court with any doctors' reports or even any lay testimony that Defendants' negligence somehow caused him physical injury.  Accordingly, the Court will grant Defendants' motion for summary judgment on Kent's negligent infliction of emotional distress claim.

### C.      Fraud and Malicious Prosecution Claims

Kent's Complaint makes no specific reference to a fraud or malicious prosecution claim.  Still, in their opening brief, Defendants argued that to the extent Kent asserts fraud and/or malicious prosecution claims, those claims should be dismissed.  Kent failed to respond to Defendants' argument, and the Court can only assume that Kent did not intend to assert either a fraud or malicious prosecution claim.  Accordingly, there is no need to dismiss such claims.

However, even if Kent did somehow intend to assert a fraud and/or malicious prosecution claim, the claims are without merit.  With respect to fraud, such claims must be pled with particularity.  *Glaze v. Deffenbaugh*, 172 P.3d 1104, 1108 (Idaho 2007).  "That is, the alleging party must specify what factual

**Memorandum Decision & Order - 7**

circumstances constituted the fraud." *Id*.  Kent's claim, if in fact there is one, is

anything but particular and specific.  Moreover, to prove a fraud claim, a plaintiff

must establish the following nine elements: "1) a statement or a representation of

fact; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity; 5) the

speaker's intent that there be reliance; 6) the hearer's ignorance of the falsity of the

statement; 7) reliance by the hearer; 8) justifiable reliance; and 9) resultant injury."

*Id*. (Internal quotation and citation omitted).  Kent makes no mention of a specific

or material representation made by Defendants.  Additionally, he provides the

Court with no evidence of a resultant injury.  Accordingly, summary judgment in

favor of Defendants is warranted to the extent Kent asserts a fraud claim.

　　　With respect to a malicious prosecution claim, "[a] plaintiff may bring an

action under 42 U.S.C. § 1983 to redress violations of his rights, privileges, or

immunities secured by the Constitution and [federal] laws by a person or entity,

including a municipality, acting under the color of state law." *Awabdy v. City of*

*Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (Internal quotations and citations

omitted); see also 42 U.S.C. § 1983.  To prevail on a Section 1983 malicious

prosecution claim, a plaintiff "must show that the defendants prosecuted [him] with

malice and without probable cause, and that they did so for the purpose of denying

[him] equal protection or another specific constitutional right."  *Freeman v. City of*

**Memorandum Decision & Order - 8**

*Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

Here, there is no evidence that Kent was prosecuted for anything, let alone that he was prosecuted with malice and without probably cause, or that it was done for the purpose of denying him equal protection or another constitutional right. Accordingly, summary judgment is appropriate to the extent Kent asserts a malicious prosecution claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion For Summary Judgment (Docket No. 21) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED:  **June 8, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 9**