UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARLO R. KENT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RUPERT, a political subdivision of the State of Idaho, RUPERT POLICE DEPARTMENT and JEFF McEWEN, et al.,<br><br>　　　　　　　Defendants. | Case No. 4:09-CV-647-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendants' Motion for Attorney Fee's and Costs (Docket No. 60). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# ANALYSIS

Plaintiff Arlo Kent asserted a negligent infliction of emotional distress claim and a section 1983 claim against Defendants. This Court granted Defendants summary judgment. Defendants now seek $9,033 in attorneys' fees and $426.80 in costs as the prevailing party.

**MEMORANDUM DECISION AND ORDER- 1**

Courts may only award attorney fees under 42 U.S.C. § 1988 to a prevailing defendant if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (citations omitted). Court do not routinely award attorneys' fees to prevailing defendants – routine awards would have an overly deterrent effect on civil rights plaintiffs and would discourage the vigorous private enforcement of the civil rights laws. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978).

This admonishment applies with special force in actions initiated by uncounseled plaintiffs. *Hughes*, 449 U.S. at 14. Attorney fees should be awarded against a pro se plaintiff only in rare cases *Id.* But, for example, if the pro se plaintiff makes repeated attempts to bring a claim that has been previously found frivolous, an award to defendants may be appropriate. *Miller v. L.A. Board of Education*, 827 F.2d 617, 620 (9th Cir. 1987).

Here, Kent did not ultimately prevail on his claims. Nonetheless, this case does not present the type of exceptional circumstances that warrant an award of attorneys' fees to a prevailing defendant. *C.f., DeNardo v. Johnstone,* 772 F.Supp. 462, 468-469 (D.Alaska 1991). In *DeNardo*, for example, the court awarded fees. But the plaintiff in that case flouted the Ninth Circuit's directive instructing him to cease filing the same frivolous claims against the same defendants without first obtaining court approval. In contrast, in this case, no court has previously found Kent's claims to be frivolous. *See*

*Miller*, 827 F.2d at 620 (Findings by the agencies that Miller's claims were frivolous would provide support for an award of attorney's fees to the Superintendent).[1] Nor is there any indication that Kent brought his claims against Defendants in bad faith.[2] *Id.* (evidence of bad faith would provide support for an award). The Court therefore cannot find that Kent's claims were sufficiently groundless to meet the standard set forth in *Christiansburg*.

The Court, however, warns Kent that if he continues to file cases relating to the incident with his granddaughter that are not sufficiently grounded in law or fact, he may be liable for attorney fees incurred by the opposing party.

Kent must pay Defendants costs in the amount of $426.80. *See* FRCP 54.

## ORDER

**IT IS ORDERED that** Defendants' Motion for Attorney Fee's and Costs (Docket No. 60) is granted in part and denied in part. Plaintiff Arlo Kent must pay Defendants costs in the amount of $426.80 as set forth above. But Plaintiff is not liable to Defendants for fees. However, in the future, if Plaintiff continues to file claims that are not

---

[1] The Court recognizes that Kent brought claims, apparently arising from the same incident that gave rise to the claims in this case, against Ridley's Family Markets. (Adams Aff., Dkt. 21-5, at Ex. B.) And the trial court in that case granted the defendants' motion for summary judgment against plaintiff. The case against Ridley's, however, involved different claims and different defendants. Moreover, the Court did not label Kent's claims frivolous. Therefore, summary judgment in that case did not necessarily place Kent on notice that his claims in this case were groundless.

[2] Defendants also seek attorney fees under Idaho Code § 12-117(1), which restricts recovery to attorneys' fees to circumstances in which "the Court finds that the party against whom judgment is rendered acted without a reasonable basis in fact or law." *Id.* The Court finds that Defendants should not be awarded fees under this provision either.

MEMORANDUM DECISION AND ORDER- 3

sufficiently grounded in law or fact, he may be liable for any costs and expenses incurred by the opposing party.

DATED: **August 9, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 4**